CELIA McGANN, as Administratrix of the Estate of
MARY McGANN, Deceased, Respondent, v. EIGHTH
AVENUE RAILROAD COMPANY et al., Appellants.

*Negligence — railroads — streets — pedestrian killed while crossing street
railway tracks.*

*McGann* v. *Eighth Ave. R. R. Co.,* 219 App. Div. 780, affirmed.
(Argued December 2, 1927; decided December 16, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial
department, entered February 28, 1927, unanimously
affirming a judgment in favor of plaintiff entered upon
a verdict in an action to recover for death of plaintiff's
intestate alleged to have been occasioned through the
negligence of defendants. Intestate, while crossing the
tracks on Central Park West at the corner of Ninety-ninth
street in the borough of Manhattan, was struck by one of
defendant railroad company's cars and killed.

*William J. Curtin, Lyman A. Spalding, James A.
Doherty* and *Michael Kirtland* for appellants.

*William J. O'Shea, Jr., Edwin D. Worcester* and *John
Godfrey Saxe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS,
LEHMAN, KELLOGG and O'BRIEN, JJ.

---

EDNA D. ELY, Appellant, v. JAMES W. DOLEN, Respondent, Impleaded with Others.

JOHN W. ELY, Appellant, v. JAMES W. DOLEN, Respondent, Impleaded with Others.

*Negligence — motor vehicles — injury from collision between two cars —
failure of proof of liability of husband for negligence of driver of wife's
car.*

*Ely* v. *Dolen* (2 cases), 219 App. Div. 726, 727, affirmed.
(Argued December 2, 1927; decided December 16, 1927.)

APPEAL, in each of the above-entitled actions, from
a judgment, entered April 20, 1927, upon an order of

the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant; the second, by the husband of the plaintiff in the first, to recover for loss of services and expense arising from her injuries which were received as the result of the collision of the automobile in which she was riding with one owned by defendant-respondent's wife. The Appellate Division held that there was a total failure of proof to establish the liability of defendant-respondent for the conduct of the driver of his wife's car.

*Otho S. Bowling* and *Robert H. Elder* for appellant.

*John J. Fitzgerald, William J. Mahon* and *James S. Regan,* for respondent.

Judgment, in each case, affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MATTIE W. MILLER, as Administratrix of the Estate of GEORGE C. MILLER, Deceased, Appellant, *v.* SCHENECTADY RAILWAY COMPANY, Respondent.

*Negligence — railroads — motor vehicles — automobile crossing tracks, struck by trolley car — complaint dismissed in action to recover for death of driver.*

*Miller* v. *Schenectady Ry. Co.*, 218 App. Div. 797, affirmed.

(Argued December 2, 1927; decided December 16, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 6, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate while driving his automobile across